**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 25 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIMMY USECHE-TORRES; KAREN DAYANA USECHE-BUSTOS; EDITH JHOJANA BUSTOS-VARGAS; E. U.-B.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4130

Agency Nos.
A246-915-255
A241-016-438
A246-915-256
A246-915-257

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER, District Judge.[***]

Jimmy Useche-Torres, Edith Jhojana Bustos-Vargas, and their two

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

children—all natives and citizens of Colombia—petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The IJ, in a thorough opinion, summarized the record and explained his decision with an appropriate discussion of each issue. Despite expressing some doubts about Petitioner Bustos-Vargas's testimony, the IJ did not make any negative credibility findings.

1. Substantial evidence supports the IJ's conclusion that Petitioners did not suffer past harm amounting to persecution, as well as the conclusion that Petitioners had not demonstrated the government was unable or unwilling to control the Fuerzas Armadas Revolucionarias de Colombia ("FARC"). *See Sharma v. Garland*, 9 F.4th 1052, 1060-62 (9th Cir. 2021); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1066-67 (9th Cir. 2017) (en banc). Petitioners lived in Bogota, Colombia, for many years without serious problems. The IJ took into account testimony of violent incidents involving members of Petitioners' families,

---

[1] Each petitioner submitted a separate application for asylum, withholding of removal, and relief under CAT. Their applications are largely based on the same facts contained in Petitioner Useche-Torres's application. Petitioners Useche-Torres and Bustos-Vargas also seek asylum as derivative beneficiaries of each other, and their children seek asylum as derivative beneficiaries of both parents.

but noted that no physical harm had come to Petitioners. Because the IJ's decision itself effectively addressed the matters Petitioners raised to the BIA, there was no error in the BIA's adoption of the IJ's opinion on appeal. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040-41 (9th Cir. 2005) (en banc).

2. Substantial evidence also supports the IJ's determination that Petitioners are not entitled to relief under CAT. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). As the IJ explained, the record does not establish that Petitioners experienced torture in the past, and their fears of future torture were speculative.

Petition **DENIED**.[2]

---

[2] The temporary stay of removal will remain in place until the mandate issues.

24-4130